Stuart Plunkett (SBN No. 187971)
ALSTON & BIRD LLP
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone:   415-243-1000
Email:   stuart.plunkett@alston.com

Theresa Conduah (SBN 338362)
ALSTON & BIRD LLP
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone:   (213) 576-1000
Email:   theresa.conduah@alston.com

Jason D. Rosenberg (*pro hac vice* pending)
ALSTON & BIRD LLP
1201 W Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone:   (404) 881-7000
Email:   jason.rosenberg@alston.com

Attorneys for Ferrara Candy Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FERRARA CANDY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>3615 MARKET LLC, THREE STEPS AHEAD, INC., JOKES UP ICE KREAM, LLC, NICHOLAS CORWIN, FETAIAKI TEAUPA, and RAMIN SARUP,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>1. **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]**<br>2. **FEDERAL UNFAIR COMPETITION [15 U.S.C. § 1125(a)(1)(A)]**<br>3. **FEDERAL TRADEMARK DILUTION [15 U.S.C. § 1125 (c)]**<br>4. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF CODE, §§ 17200, ET SEQ**<br>5. **DILUTION IN VIOLATION OF CAL. BUS. & PROF CODE, §§ 14330-14335**<br>6. **CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

This is an action for trademark infringement, unfair competition, and dilution in violation of federal and California state law.

# PARTIES

1. Plaintiff Ferrara Candy Company is an Illinois corporation, having offices at 404 Harrison Street, Chicago, Illinois 60607 ("Ferrara").

2. Upon information and belief, Defendant 3615 Market LLC is a California limited liability company, having offices at 3615 Market Street, Emeryville, CA 94608 ("3615 Market").

3. Upon information and belief, Defendant Three Steps Ahead, Inc. is a Delaware corporation, having offices at 8 The Green, Dover, DE 19901 ("Three Steps"). Upon further information and belief, Three Steps is a managing member of 3615 Market.

4. Upon information and belief, Defendant Jokes Up Ice Kream, LLC is a Delaware limited liability company, having offices at 2711 N. Sepulveda Boulevard, Suite 270, Manhattan Beach, CA 90266 ("Jokes Up").

5. Upon information and belief, Defendant Nicholas Corwin is an individual residing in California and a principal member of 3615 Market and Three Steps ("Corwin"). Upon further information and belief, Corwin personally authorized, directed, and/or participated in the infringing activities complained of herein.

6. Upon information and belief, Defendant Fetaiaki Teaupa is an individual residing in California and a principal member of 3615 Market and Jokes Up ("Teaupa"). Upon further information and belief, Teaupa is a performer known under the personas "Yung LB" and "Chilly Wonka." Upon further information and belief, Teaupa personally authorized, directed, and/or participated in the infringing activities complained of herein.

7. Upon information and belief, Defendant Ramin Sarup is an individual residing in New York and a principal of 3615 Market ("Sarup"). Upon further information and belief, Sarup is a performer known under the persona "Ray Bama." Upon further information and

belief, Sarup personally authorized, directed, and/or participated in the infringing activities complained of herein.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this matter because (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is a civil action between citizens of California on one side and a citizen of Illinois on the other side, in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the claims made under California state law is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9.    This Court has personal jurisdiction over Defendants. Defendants are registered to do business in California, reside in California, and/or are principal members of a California limited liability company.

10.    Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this district, and under 28 U.S.C. § 1391(c) because Defendants are subject to this Court's personal jurisdiction for purposes of this case.

## FACTS

## FERRARA'S FAMOUS CANDY PRODUCTS AND TRADEMARKS

11.    Ferrara is a recognized global leader in confections, and, together with its affiliates, makes, distributes, markets, and sells throughout the United States numerous well-known, distinctive, and famous candy products, including under the RUNTS brand.

12.    The RUNTS candy brand has achieved enormous commercial success as reflected by its extensive sales, which has been supported by significant marketing and promotional campaigns throughout the United States, including in California.

**Willy Wonka and the Origin of the RUNTS Candy Brand**

13. Following the success of the *Willy Wonka & the Chocolate Factory* movie, which premiered in 1971, Ferrara's predecessors-in-interest introduced a series of candy products.

14. In connection with and to market the Wonka-themed candy products, Ferrara's predecessors-in-interest used various themes associated with the beloved Willy Wonka character, including the WONKA name, purple color schemes, and, notably, his iconic purple hat (collectively "WONKA Brand").

15. Ferrara's affiliate company is the owner of trademark registrations for the WONKA Brand, including the following:

| Mark | Reg. No. | Reg. Date | First Use Date | Goods |
|------|----------|-----------|----------------|-------|
| WONKA | 2,642,856 | October 29, 2002 | Feb. 19, 1998 | Chocolate and candy |
|  | 2,298,681 | December 7, 1999 | Feb. 19, 1998 | Candy |
|  | 4,179,340 | July 24, 2012 | April 15, 1983 | Candy |

16. Ferrara through its predecessors-in-interest and/or affiliate companies own the exclusive rights to the use of the WONKA Brand in connection with its confectionary products. Such rights include the right to take action against infringements of the WONKA Brand.

17. One of the Wonka-themed candy products introduced by Ferrara's predecessor-in-interest is the RUNTS candy product, a colorful flavor candy that mimics real fruit both in shape and flavor. Specifically, RUNTS candy products were first introduced by Sunmark Corporation as part of its Willy Wonka Brands candy division in 1983. The Willy Wonka Brands division was subsequently acquired by Nestlé S.A., and Ferrara and its parent

company ultimately acquired Nestlé's US confectionery business, including the iconic RUNTS brand.

18.     Since at least as early as 1983, Ferrara and/or its predecessors-in-interest have used the RUNTS mark to market its iconic candy products using various themes associated with the beloved Willy Wonka movie character.

 

19.     Notably, Ferrara operates a WONKAVERSE shop through its Amazon store where consumers can explore and buy Ferrara's iconic candies associated with the WONKA Brand, including RUNTS candy products. Additionally, in association with the *Wonka* film, which was released in December 2023, Ferrara released a line of gummy candy products known as WONKA MAGIC HATS that were in the shape of the iconic purple hat associated with the famous movie character.  Examples of the WONKAVERSE store website and WONKA MAGIC HATS gummy candy are shown below.



FERRARA CANDY COMPANY'S COMPLAINT



20.     As a result of Ferrara's extensive use and promotion of its brands, consumers have come to associate the famous RUNTS Marks and WONKA Brand with Ferrara and its iconic candies.

**Ferrara's Famous RUNTS Marks**

21.     Ferrara and its predecessors have long marketed, distributed, and sold candy and related products under the famous RUNTS trademark. Ferrara currently markets and sells several RUNTS products throughout the United States, and in this district. Representative images of RUNTS products appear below.





22.   Ferrara owns the following trademark registration for the RUNTS mark:

| Mark | Reg. No. | Reg. Date | First Use Date | Goods |
|------|----------|-----------|----------------|-------|
| RUNTS | 3,818,274 | July 13, 2010 | April 15, 1983 | Candy |

23.   This registration is incontestable and constitutes conclusive evidence of Ferrara's exclusive right to use the RUNTS trademark for the goods specified in the registration. 15 U.S.C. §§ 1065, 1115(b).

24.   Ferrara also owns common law rights to the RUNTS Design mark depicted below for use with its goods.



25.   The mark shown in its federal registration, combined with the common law trademark rights in the RUNTS design mark above, are hereinafter collectively referred to as the "RUNTS Marks."

26.   Since long prior to Defendants' acts complained of herein, Ferrara has made continuous use of the RUNTS Marks in connection with its candy products.

27.   As part of its business, Ferrara has licensed merchandise and apparel under its well-known candy brands, including the RUNTS brand, and has done so since long before Defendants' unauthorized acts. An example of licensed merchandise under the RUNTS brand is depicted below.



28.     Ferrara is the exclusive owner of the RUNTS Marks and all related goodwill throughout the United States.

29.     The RUNTS Marks are strong and distinctive marks that are immediately recognized by the public as brand indicators of, and associated with, Ferrara's products.

30.     As a result of Ferrara's extensive sales, promotion, and advertising of candy products under the RUNTS Marks, they have become famous among the general consuming public of the United States and represent an extraordinarily valuable goodwill owned by Ferrara.

### DEFENDANTS' UNAUTHORIZED CONDUCT

31.     Defendants have adopted and are using the confusingly similar RUNTZ mark in connection with the marketing, sale, and distribution of cannabis and tobacco products and related merchandise, in violation of Ferrara's rights in the RUNTS Marks.

32.     Defendants were aware of the popularity of Ferrara's RUNTS brand when they selected the infringing RUNTZ name.

33.     Based on Defendants' own admissions, Defendants intended to trade on the goodwill associated with the brand when its principals selected RUNTZ.

34.     In numerous interviews, articles, and social media posts, Defendants have admitted to selecting the term "Runtz" because "it tastes like candy" and to "capture that candy terp." See Exhibits A to C.



35.   "Terps" or terpenes are naturally occurring aromatic compounds that provide the smell and flavor of cannabis plant strains. By their own admissions, Defendants intentionally selected RUNTZ to associate the aroma and taste of their cannabis products with Ferrara's iconic RUNTS candy goods.

36.   Defendants market, sell, distribute, and otherwise promote the sale of various cannabis products under the RUNTZ mark, including cannabis gummies, vape cartridges, flowers, merchandise promoting cannabis use, as well as various tobacco products under the RUNTZ mark, including "banana split" cigar wraps (collectively "RUNTZ Products"). A representative sample of Defendants infringing RUNTZ Products are shown below.












37.    Upon information and belief, Defendants own, operate, and/or distribute the infringing RUNTZ Products through at least the following websites: runtz.com; runtzwraps.com; runtz-strains.com; runtz-strain.com; runtzvapes.com; 420runtzstore.com (collectively the "Runtz Websites").

38.    Defendants 3615 Market and Three Steps Ahead are the owners and assignees of trademark applications and registrations in the United States for various RUNTZ and RUNTZ-formative marks listed in Exhibit D (collectively "RUNTZ Marks").

39.    Upon information and belief, Defendant's RUNTZ Marks in its registrations and applications are used primarily in connection with unlawful uses in commerce and are not entitled to protection under the Lanham Act.

40.    Defendants have intentionally associated the RUNTZ brand with Ferrara and its iconic RUNTS candy by using the WONKA Brand—namely, the WONKA name, purple color scheme, and iconic purple hat—in their packaging, merchandise, marketing collateral,

social media posts, press interviews, and even through their personas as brand ambassadors. Indeed, Defendant Teaupa uses the persona "Chilly Wonka" and has used the persona to market Defendants' RUNTZ Products. Examples of these marketing schemes are depicted below and in Exhibit E.



 

41.     Unsurprisingly, the relevant consuming public is keenly aware of the false association between RUNTZ Products and Ferrara's RUNTS brand, including, notably, the potential harm to young consumers. For example, one cannabis dispensary has issued the following statement: "*Though [RUNTZ] may go by a slightly different spelling, it is nonetheless clearly a play on the fruit-shaped candy with an almost identical name. For that reason alone, we believe it is time to rechristen this strain… In addition, important consideration must also be given to what having a strain named for a popular brand of candy might inspire among the underaged.*" See Exhibit F.

42.     States across the United States have recognized the hazard posed by cannabis products that are designed to appeal to children or that are packaged to look like popular candy or grocery items and have enacted statutes restricting how such products may be labeled and packaged.

43.     In California, for example, the Medicinal and Adult-Use Cannabis Regulation and Safety Act expressly prohibits the use of packaging and labeling designed to be

appealing to children or to be easily confused with commercially sold candy or foods that do not contain cannabis.

44.     With flavor and product descriptors such as "rainbow cotton candy" and "banana split," Defendants appear to be targeting underaged consumers. Defendants' use of the RUNTZ Marks with such conduct harms Ferrara's reputation and the goodwill associated with the RUNTS Marks.

45.     Ferrara has sent Defendants numerous cease and desist letters and attempted to resolve this dispute in good faith with Defendants since on or around September 1, 2023. Defendants have engaged in stalling tactics and, despite the good faith discussions, have continued to expand upon their infringing activities.

46.     Notably, on June 25, 2024, Defendants Jokes Up and Teaupa introduced a "New Baby Wonka drop" of cannabis products on Defendant Teaupa's social media feeds, using his persona "Chilly Wonka." See Exhibit G.

FERRARA CANDY COMPANY'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13



14        47.    Incredibly, on July 29, 2024, Defendants announced what they termed as "the

15   biggest Runtz/JokesUP collab" and introduced the "Chilly Wonka" RUNTZ product

16   depicted below. See Exhibit H.

17

18

19

20

21

22   

23

24

25

26

27

28

FERRARA CANDY COMPANY'S COMPLAINT



48.     Most recently, on social media posts on October 7, 2024, Defendants demonstrated their continued willful disregard for Ferrara's rights, boasting about their success in associating their RUNTZ brand with Ferrara and its iconic RUNTS candy through their packaging, merchandise, and marketing efforts. Examples of these social media posts are depicted below and in Exhibit I.



49.     There is no question that Defendants' marketing and sale of RUNTZ Products is willful and in callous disregard of Ferrara's rights.

## FIRST CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT IN VIOLATION OF

## <u>SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114</u>

50.     Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

51.     Ferrara owns U.S. Registration No. 3,818,274 for the RUNTS mark, which serves to identify to the public certain goods that are offered by Ferrara alone, and the goods offered in connection with the RUNTS mark are regarded by the public as being offered by, approved by, authorized by, associated with, affiliated with, or otherwise connected to Ferrara, a global leader in confections.

52.     Defendants' adoption and use, in bad faith, of the nearly identical RUNTZ Marks, without Ferrara's authorization or consent, in commerce in connection with the sale, offering for sale, distribution, and/or advertising of its own goods, is likely to confuse, mislead, or deceive the public as to the source, origin, affiliation, or sponsorship of Defendants' goods.

53.     Defendants' sale, offering for sale, distribution, and/or advertising of RUNTZ products have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the RUNTS mark and with bad faith intent to trade on Ferrara's reputation and goodwill.

54.     Defendants' acts constitute an infringement of Ferrara's trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55.     Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Ferrara and the goodwill associated with the RUNTS mark for which Ferrara has no adequate remedy at law.

56.     Ferrara is therefore entitled to appropriate relief as prayed for hereinafter, including permanent injunctive relief.

57.     As a result of Defendants' wrongful conduct, Ferrara is also entitled to recover its actual damages (which should be trebled pursuant to 15 U.S.C. § 1117), a disgorgement of Defendants' profits (which, if inadequate, should be increased at the Court's discretion to an amount the Court shall find to be just), and Ferrara's costs, in an amount to be determined at trial.

58.     Defendants' conduct was willful and intentional, and done in bad faith, making this an "exceptional case," and therefore Ferrara is also entitled to an award of its attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELEIF
## UNFAIR COMPETITION IN VIOLATION OF
## SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

59.     Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

60.     Ferrara and its predecessors-in-interest have used the RUNTS Marks continuously and exclusively in commerce in connection with its goods since as early as 1983.

61.     Defendants have intentionally adopted and used the RUNTZ Marks in commerce without authorization or consent from Ferrara in connection with the sale, offering for sale, distribution, and/or advertising of its cannabis gummies, vapes, tobacco products and other related merchandise, all in an attempt to trade on Ferrara's reputation and goodwill.

62.     Defendants' conduct and use of the RUNTZ Marks is likely to cause confusion, mistake, or deception as to whether Defendants' products gummies, vapes, tobacco products and other related merchandise originate from, are associated, affiliated, or connected with, or are sponsored, endorsed, or approved by Ferrara.

63.     Accordingly, Defendants' conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendants' sale, offering for sale, distribution, and/or advertising of RUNTZ products have been committed deliberately and willfully, with knowledge of Ferrara's

exclusive rights and goodwill in the RUNTS Marks and with bad faith intent to trade on Ferrara's reputation and goodwill.

65.     Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Ferrara and the goodwill associated with the RUNTS Marks for which Ferrara has no adequate remedy at law.

66.     Ferrara is therefore entitled to appropriate relief as prayed for hereinafter, including permanent injunctive relief.

67.     As a result of Defendants' wrongful conduct, Ferrara is also entitled to recover its actual damages (which should be trebled pursuant to 15 U.S.C. § 1117), a disgorgement of Defendants' profits (which, if inadequate, should be increased at the Court's discretion to an amount the Court shall find to be just), and Ferrara's costs, in an amount to be determined at trial.

68.     Defendants' conduct was willful and intentional, and done in bad faith, making this an "exceptional case," and therefore Ferrara is also entitled to an award of its attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

### DILUTION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(c).

69.     Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

70.      As a result of Ferrara's long term and widespread use of its RUNTS mark and the amount of publicity and recognition surrounding Ferrara goods, the RUNTS mark has achieved a level of recognition such that it is famous and was famous prior to the acts of Defendants complained of herein.

71.     Defendants' use of the nearly identical RUNTZ Mark in connection with their goods is likely to dilute the distinctive quality of the RUNTS mark, through blurring and tarnishment, in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

72.     Defendants' sale, offering for sale, distribution, and/or advertising of RUNTZ products have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the RUNTS mark and with bad faith intent to trade on Ferrara's reputation and goodwill.

73.     Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Ferrara and the goodwill associated with the RUNTS mark for which Ferrara has no adequate remedy at law.

74.     Ferrara is therefore entitled to appropriate relief as prayed for hereinafter, including permanent injunctive relief.

75.     As a result of Defendants' wrongful conduct, Ferrara is also entitled to recover its actual damages (which should be trebled pursuant to 15 U.S.C. § 1117), a disgorgement of Defendants' profits (which, if inadequate, should be increased at the Court's discretion to an amount the Court shall find to be just), and Ferrara's costs, in an amount to be determined at trial.

76.     Defendants' conduct was willful and intentional, and done in bad faith, making this an "exceptional case," and therefore Ferrara is also entitled to an award of its attorneys' fees pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION IN VIOLATION OF
## CAL. BUS. & PROF CODE, §§ 17200, et seq.

77.     Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

78.     Defendants have intentionally adopted and used the RUNTZ Marks in commerce, without authorization or consent from Ferrara, in connection with the sale, offering for sale, distribution, and/or advertising, of the RUNTZ Products to consumers in California in an attempt to trade on Ferrara's reputation and goodwill.

79.     Defendants' use of the RUNTZ Marks is in bad faith and is likely to continue to cause confusion, mistake, or deception as to whether Defendants' disposable vapes

originate from, are associated, affiliated or connected with, or are sponsored, endorsed or approved by Ferrara.

80. As a result of Defendants' wrongful conduct, Ferrara has suffered harm to its reputation and the goodwill associated with its RUNTS Marks.

81. Defendants' acts constitute unfair competition in violation of California Business and Professional Code §§ 17200 et seq.

82. Defendants' acts greatly and irreparably damage Ferrara and will continue to do so unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law.

83. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling or distributing any RUNTZ Products, as well as Defendants' profits and other remedies provided by California Business and Professional Code §§ 17200 et seq.

84. Defendants' conduct has been intentional and willful and in conscious disregard of Ferrara's rights and, therefore, Ferrara is entitled to exemplary and punitive damages in an amount appropriate to punish Defendants and to make an example of them to the community.

**FIFTH CLAIM FOR RELIEF**

**DILUTION IN VIOLATION OF CAL. BUS. & PROF CODE, §§ 14330-14335**

85. Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

86. The RUNTS mark is famous and is widely recognized by the general consuming public of the United States and of California as a designation of source of the confectionary products.

87. Defendants' acts described herein began after the RUNTS mark became famous and have diluted the distinctive quality of the famous RUNTS mark in violation of California Business and Professional Code §§ 14330-14335.

88.     On information and belief, Defendants' sale, offering for sale, distribution, and/or advertising of the RUNTZ Products in California have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the famous RUNTS mark and with a bad faith intent to cause dilution of the RUNTS mark.

89.     Defendants' acts greatly and irreparably damage Ferrara and will continue to do so unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. If not enjoined, Defendants will continue to unfairly derive income, profits, and business opportunities as a result of Defendants' acts of dilution.

90.     Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling or distributing any RUNTZ Products, as well as Defendants' profits and other remedies provided by California Business and Professional Code §§ 14330-14335.

91.     Defendants' conduct has been intentional and willful and in conscious disregard of Ferrara's rights and, therefore, Ferrara is entitled to exemplary and punitive damages in an amount appropriate to punish Defendants and to make an example of them to the community.

### SIXTH CLAIM FOR RELIEF

### CALIFORNIA COMMON LAW UNFAIR COMPETITION

92.     Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

93.     Defendants have intentionally adopted and used the RUNTZ Marks in commerce, without authorization or consent from Ferrara, in connection with the sale, offering for sale, distribution, and/or advertising, of the RUNTZ Products to consumers in California in an attempt to trade on Ferrara's reputation and goodwill.

94.     Defendants' use of the RUNTZ Marks is in bad faith and is likely to continue to cause confusion, mistake, or deception as to whether Defendants' disposable vapes originate from, are associated, affiliated or connected with, or are sponsored, endorsed or approved by Ferrara.

95.     As a result of Defendants' wrongful conduct, Ferrara has suffered harm to its reputation and the goodwill associated wit its RUNTS Marks.

96.     Defendants' acts constitute unfair competition in violation of California common law.

97.     Defendants' acts greatly and irreparably damage Ferrara and will continue to do so unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law.

98.     Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling or distributing any RUNTZ Products, as well as Defendants' profits and other remedies provided by California common law.

99.     Defendants' conduct has been intentional and willful and in conscious disregard of Ferrara's rights and, therefore, Ferrara is entitled to exemplary and punitive damages in an amount appropriate to punish Defendants and to make an example of them to the community.

## PRAYER FOR RELIEF

WHEREFORE, Ferrara prays that this Court:

1.  Enter judgment that Defendants have violated the Lanham Act 15 U.S.C. §§ 1114, 1125; California Business and Professional Code §§ 17200 et seq; California Business and Professional Code §§ 14330-14335; and California common law, and that such violations were willful and intentional, making this an exceptional case;

2.  Issue a permanent injunction enjoining and restraining Defendants, as well as their officers, directors, employees, agents, affiliates, subsidiaries, divisions, successors, assigns, franchisees, licensees, and all those in privity or acting in concert with them from directly or indirectly engaging in:

    a.  Manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or otherwise offering for sale disposable vapes using the RUNTZ Mark or any other mark confusingly similar to or related to the RUNTS

Marks, including but not limited to any mark containing the phrase "RUNTZ" or marks or designs confusingly similar thereto;

b. using or authorizing the use of the RUNTZ Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof, in any form, or in any manner, or otherwise infringing the RUNTS Marks;

c. Filing, maintaining, or pursuing in any way the RUNTZ applications and registrations listed in Exhibit D or any other application for registration with the United States Patent and Trademark Office or any other governmental agency in the United States of the RUNTZ Marks and variants thereof;

d. Using, registering, or maintaining the Runtz Websites;

e. Seeking, maintaining, or renewing any Internet domain name representing or incorporating the RUNTZ Marks or any other identical or similar mark, word or name as a trademark, service mark, trade name or corporate name in any manner likely to cause confusion, mistake or deception with Ferrara and/or the RUNTS Marks;

f. Otherwise unfairly competing with, injuring the business or reputation of, or damaging the goodwill of Ferrara in any manner;

g. Otherwise falsely representing themselves or any of their products as being associated or affiliated with, sponsored or endorsed by, or in any way connected with Ferrara; and

h. Otherwise harming the distinctive quality of the RUNTS Marks.

3. Order that Defendants file an express abandonment of the trademark applications and registrations listed in Exhibit D with the United States Patent and Trademark Office and/or relevant state agencies;

4. Require Defendants, and all others holding by, through or under Defendants, be required, jointly and severally, to:

a. Pay Ferrara damages for trademark infringement, dilution, and unfair competition and that these damages be trebled as a result of Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117;

b. Account for and pay over to Ferrara all profits derived by Defendants from their acts of trademark infringement, dilution, and unfair competition;

c. Pay Ferrara its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, California law, and any other applicable provision of law;

d. Pay to Ferrara the costs of this action;

e. Destroy all of the RUNTZ Products in its possession, including packaging, and any advertising, marketing, or promotional materials that include references to RUNTZ Products; and

f. File with the Court and serve on Ferrara an affidavit setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

5. Grant Ferrara such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the federal Rules of Civil Procedure, Ferrara demands a trial by jury on all matters that may be so tried.

Date: October 28, 2024

ALSTON & BIRD LLP

By: */s/ Theresa Conduah*
    Theresa Conduah

Attorneys for Ferrara Candy Company