Stuart Plunkett (SBN 187971)
ALSTON & BIRD LLP
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone: 415-243-1000
Email: stuart.plunkett@alston.com

Theresa Conduah (SBN 338362)
Fatmeh Asal Saffari (SBN 322479)
ALSTON & BIRD LLP
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Email: theresa.conduah@alston.com
       asal.saffari@alston.com

Jason D. Rosenberg (*pro hac vice* pending)
ALSTON & BIRD LLP
1201 W Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Email: jason.rosenberg@alston.com

Attorneys for Ferrara Candy Company

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FERRARA CANDY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>3615 MARKET LLC, THREE STEPS AHEAD, INC., JOKES UP ICE KREAM, LLC, NICHOLAS CORWIN, FETAIAKI TEAUPA, and RAMIN SARUP,<br><br>Defendants. | Case No. 4:24-CV-07486<br><br>**PLAINTIFF FERRARA CANDY COMPANY'S ADMINISTRATIVE MOTION TO AMEND SCHEDULING ORDER**<br><br>Hon. Rita F. Lin<br><br>Administrative Motion - No Hearing |

Pursuant to Local Rule 7-11 and Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiff Ferrara Candy Company ("Plaintiff" or "Ferrara") hereby moves this Court to extend the deadlines in the Amended Scheduling Order entered on July 14, 2025, by an additional 45 days.

Ferrara respectfully requests an extension of time to address outstanding discovery deficiencies with the remaining defendants 3615 Market LLC, Three Steps Ahead, Inc., Nicholas Corwin, and Ramin Sarup (collectively "Defendants").[1] As set forth below and in the accompanying Declaration of Theresa Conduah, Ferrara has been diligent in meeting its responsibilities, good cause exists for extending the deadlines, and Defendants will not be prejudiced. This extension will allow the parties sufficient time to address and correct the deficiencies and ensure that the matter proceeds fairly and efficiently. Accordingly, Ferrara respectfully requests that its motion to extend the case schedule by 45 days as set forth below be granted.[2]

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery | 10/21/2025 | 12/5/2025 |
| Initial Expert Reports | 11/4/2025 | 12/19/2025 |
| Rebuttal Expert Reports | 11/25/2025 | 1/9/2026 |
| Close of Expert Discovery | 12/9/2025 | 1/23/2026 |
| Dispositive Motions | 12/29/2025 | 2/12/2026 |
| Dispositive Motion Hearing | 2/10/2026 | 3/31/2026 |
| Pretrial Conference | 4/14/2026 | 6/2/2026 |
| Jury Selection/Jury Trial | 5/11/2026 | 6/29/2026 |

---

[1] A consent judgment has been entered against Defendant Jokes Up Ice Kream, LLC and Defendant Fetaiaki Teaupa has defaulted.

[2] The proposed schedule takes into account the Court's calendar and weekends.

# ARGUMENT

A district court is given broad discretion in supervising the pretrial phase of litigation. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

**1. Ferrara Has Shown Good Cause to Amend the Scheduling Order**

Ferrara's request to extend the deadlines is a direct result of Defendants' failure to adequately participate in the discovery process. The requested extension is not due to any lack of diligence or unreasonable delay. Specifically:

- On August 26, 2025, Ferrara's counsel sent a letter to counsel for Defendants regarding deficiencies in Defendants' August 5, 2025, responses to Ferrara's discovery requests served on June 6, 2025, and requested a meet and confer by September 3, 2025.
- On September 5, Ferrara's counsel followed up on its August 26th letter.
- On September 8, 2025, Defendants' counsel responded indicating that additional time was needed to confer with Defendants.
- On September 19, 2025, Ferrara's counsel again followed up for a response to its August 26th letter.
- On September 29, 2025, Defendants advised Ferrara of its intent to supplement its discovery responses and produce its first set of documents.
- On October 1, 2025, Defendants produced supplemental written responses to the discovery requests served by Ferrara, and on October 2, 2025, produced 397 pages of documents.

- On October 2, 2025, Ferrara requested a meet and confer to address the outstanding deficiencies, and on October 6, the parties held a meet and confer to address outstanding discovery deficiencies.
- On October 13, 2025, Defendants produced an additional 12 pages of documents.
- The depositions of Defendants Ramin Sarup, 3615 Market LLC, and Three Steps Ahead, Inc were held from October 14 to October 16, 2025.

Declaration of Theresa Conduah ("Conduah Decl."), ¶¶ 5-13.

On October 16, 2025, Ferrara sought Defendants' consent to extend the deadlines to allow the parties sufficient time to address and correct the deficiencies and ensure that the matter proceeds fairly and efficiently. Defendants have not responded to Ferrara's request. *Id*., ¶¶ 14-15.

Given the extent of the deficiencies, including, notably, outstanding discovery on Defendants sales and revenues and the identities of the owners of certain e-commerce platforms and social media channels promoting the Accused Products, additional time is needed to cure these issues and ensure Defendants' full compliance with its discovery obligations. *Id*., ¶ 16.

**2. Ferrara Was Diligent in Meeting Its Responsibilities**

Ferrara has acted diligently since filing the complaint against Defendants. Ferrara has reached out to Defendants to meet deadlines pursuant to the trial schedule and served discovery requests well before ethe close of discovery. Moreover, Ferrara has contacted Defendants numerous times to resolve discovery deficiencies prior to the close of discovery. The Court has granted one extension to the case schedule in response to the parties' joint request after the Court set aside the entry of default against Defendant Fetaiaki Teaupa (Dkt.). No. 69). *Id*., ¶ 4.

**3. Defendants Are Not Prejudiced by Ferrara's Request to Amend the Case Schedule.**

Defendants will not suffer harm if the extension is granted. Conversely, if the deadlines are not extended until Defendants complete outstanding discovery requests, Defendants would have an unreasonable advantage, and Defendants would be rewarded for flaunting discovery requirements. It would also prejudice Ferrara's ability to fairly prosecute this action.

## CONCLUSION

In light of the foregoing, Ferrara respectfully requests the Court grant Ferrara's motion for a 45-day extension of the current case schedule.

Date: October 20, 2025                                ALSTON & BIRD LLP


By:  /s/ Theresa Conduah
     Theresa Conduah
     Attorneys for Ferrara Candy Company

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2025, the above and foregoing was filed with the Court through its CM/ECF system, which sent notice to all counsel of record.

Date: October 20, 2025                                  ALSTON & BIRD LLP


                                                        By:  /s/ Theresa Conduah
                                                             Theresa Conduah
                                                        Attorneys for Ferrara Candy Company