# ALSTON & BIRD

1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
310.228.3880 | Fax: 213.576.1100

Theresa Conduah　　　　　　　　　Direct Dial: 310.228.3830　　　　　　E-mail: theresa.conduah@alston.com

October 31, 2025

***VIA ECF***

Hon. Rita F. Lin
United States District Court,
Northern District of California
450 Golden Gate Avenue
Courtroom 15 - 18th Floor
San Francisco, CA 94102

   Re: *Ferrara Candy Company v. 3615 Market LLC et al.*, No. 3:24-cv-07486-RFL
      **Joint Letter re: Discovery Dispute**

Your Honor:

Pursuant to Your Honor's Standing Order for Civil Cases, the parties submit this joint letter regarding Plaintiff Ferrara Candy Company's ("Ferrara") discovery requests to Defendants 3615 Market LLC and Three Steps Ahead, Inc. ("Defendants") for information and documents related to namely Defendants' sales and revenue, including licensing agreements and sales channels, for the Accused Products. The parties held a live meet and confer on October 6, 2025, and have subsequently exchanged email correspondence on the matter.

## I. Ferrara's Position

At issue in this litigation is Defendants' unauthorized use of the RUNTZ mark on cannabis goods and related merchandise, in violation of Ferrara's RUNTS mark, which is used in connection with candy products. Ferrara served Requests for Production ("RFP") and Interrogatories ("Irogs") on June 6, 2025 (collectively "Discovery Requests"), seeking, *inter alia*, information and documents sufficient to identify Defendants' sales and revenues for the Accused Products. Specifically, Ferrara sought narrowly tailored discovery requests for:

1. Annual revenues derived from sales, license fees, and other commercialization of the Accused Products (Irog 5, RFP 5);
2. Advertising, promotion, or marketing for the Accused Products (Irog 6, RFP 6);
3. Sales channels (physical and retail) used by the Defendants to offer for sale, sell, advertise, or market the Accused Products (Irog 7, RFP 7);
4. Suppliers, distributors, manufacturers, licensees, and/or vendors authorized by Defendants to offer for sale, sell, advertise, or market the Accused Products (Irog 8, RFP 8); and
5. Domain names, websites, e-commerce platforms, and social media platforms owned, controlled, or operated by or on behalf of Defendants (Irog 9, RFP 9).

Excerpts of the relevant Discovery Requests are attached hereto as Exhibit A.[1]

On August 5, 2025, after receiving an extension, Defendants responded to the Discovery Requests, and on August 26, 2025, Ferrara sent Defendants a letter regarding the deficiencies in Defendants' responses and requested a meet and confer. After several weeks and repeated follow ups, Defendants supplemented their responses to the Discovery Requests on October 1, 2025, and produced their first set of documents on October 2, 2025. In their responses, Defendants failed to supplement responses to the relevant requests identified in Exhibit A and/or produce the requested documents. Defendants' objections to Ferrara's Discovery Requests include purportedly the broad definition of Accused Products and the absence of temporal limitations. Defendants have also objected to the requests in that they seek "information in the public domain and equally available to Plaintiff."

As an initial matter, a party is not excused from producing documents in discovery merely because those documents are publicly available; if the documents are within the party's possession, custody, or control, they must be produced. The public domain status of documents does not, by itself, relieve a party of its discovery obligations. *See Regal Elecs., Inc. v. Pulse Eng'g, Inc.*, No. 5:03-cv-1296 JW RS, 2005 WL 3078983, at *3 (N.D. Cal. Nov. 16, 2005).

Next, Accused Products were defined in Ferrara's Discovery Requests as "all goods and services with which Defendant uses, has used, and/or has ever intended to use the RUNTZ Marks." Defendants' objections as to the broad scope of the Accused Products are unavailing. At issue in this dispute is Defendants' use of the RUNTZ mark on unauthorized goods and serbices. Further, if Defendants dispute the definition of Accused Products, the Discovery Requests also included requests for Defendants to identify each product or service Defendants have offered for sale or sold at any time in the United States under any mark or name that includes the RUNTZ Marks and/or the term RUNTZ, including without limitation, documents and things sufficient to identify the SKUs associated with each such product. Defendants could have limited its responses to the products and/or services identified in its responses.

Defendants have also objected to the absence of temporal limitations in the requests. Defendant 3615 Market LLC was established in 2018, and Defendant Three Steps Inc. was formed in 2022. The temporal scope of Ferrara's discovery requests is reasonable. Further, in the notices for the depositions of Defendants, Ferrara further limited the temporal scope of its requests for sales and revenue information to 2022 and 2023. Defendants' objections as to the broad scope of the Accused Products are unsubstantiated.

Defendants have also maintained that Defendants have not derived any profits from commercialization of the Accused Products. Specifically, during the depositions of Defendants, Defendants stated that Defendants have alleged not received any revenues or licensee fees since their inception. Regardless of whether Defendants have derived any profits, Ferrara is entitled to information and documents related to Defendants' sales and licensing fees for the commercialization of the Accused Product.

---

[1] Exhibit A are true and correct excerpts of the relevant Discovery Requests along with Defendants' responses. Only excerpts from the Discovery Requests served on 3615 Market LLC are included; however, the relevant Discovery Requests and responses for Three Steps Ahead Inc. are the same.

Additionally, Defendants' depositions revealed crucial information about Defendants' commercialization efforts, including the identity of at least one additional licensee not previously disclosed in response to the Discovery Requests, namely Five Star Juice. Curiously, Defendants maintained that no written agreements or other documents exist with respect to this relationship, and Defendants could not recall the exact terms of the license agreement. Even assuming arguendo that no written agreements exist, Ferrara is still entitled to information regarding the sales and license fees derived from their agreement with Five Star Juice, as well as information regarding the products sold under license by Five Star Juice.

Lastly, Defendants have also failed to provide complete responses as to the Discovery Requests related to the domain names, websites, e-commerce platforms, and social media platforms owned or controlled by Defendants. Notably, during Defendants' depositions, it was revealed that Defendants control at least the @runtz Instagram handle. To date, Defendants have not produced information or documents related to the content of this social media channel.

Despite numerous opportunities and repeated follow-ups by Ferrara, Defendants have consistently failed to disclose documents or provide full and complete responses to Ferrara's discovery requests. Their supplemental responses and document productions have remained incomplete, and key information—including details regarding sales data, licensees, and commercialization efforts—has not been adequately addressed. This ongoing lack of transparency has hindered Ferrara's ability to obtain the discovery necessary to support its claims.

Tellingly, at **4:01 pm PT today**, October 31, 2025, just shortly before the Court's deadline to file the instant letter, Defendants supplemented their discovery responses to allege that no documents exist, documents have already been produced, and/or Defendants are not withholding any documents.[2] Further, Defendants purported to serve documents in response to at least RFP 7 at the same time. As an initial matter, Defendants' supplemental responses are not verified. While Defendants purportedly appear to have supplemented their responses, given Defendants' conduct in its late response and production, Ferrara is unable to review and/or determine whether Defendants responses are adequate. Indeed, by way of example, as of the filing of this joint letter, Ferrara had yet to receive the supplemental document production in relation to RFP 7. As previously observed, Defendants have engaged in a pattern of delay tactics and lack of transparency, making it difficult for Ferrara to obtain discovery.

Accordingly, while Defendants now purport to have supplemented the discovery requests and allege that verified statements are forthcoming, unfortunately, Ferrara must still seek the Court's assistance in to ensure Defendants comply with their discovery obligations. Specifically, Ferrara requests that the Court enter an order compelling Defendants to within 14 days following the Court's order: (1) produce all requested documents or provide **verified**

---

[2] Ferrara served its portion of the Joint Letter on Defendants' counsel on October 29, 2025, at 1:50 pm PT.

responses in the event Defendants claim no documents exist and (2) provide complete and **verified** responses to the interrogatories in dispute.

## II. Defendants' Position

By this letter, Plaintiff needlessly seeks the production of information that it is already aware of through the sworn testimony given by Defendants during the depositions conducted on October 14-16, 2025, and documents that are either publicly available or that are already in Plaintiff's possession (as evidenced by the fact that Plaintiff introduced many of the documents sought as exhibits during the depositions).

As previously conveyed to the Court, Defendants are failed startups and individuals with limited resources. They accordingly have an interest in litigating this case efficiently while at the same time ensuring they comply fully with their discovery obligations. During a meet and confer with Plaintiff's counsel on October 30, 2025, which was held after Plaintiff sent Defendants its portion of this joint letter, Defendants' counsel conveyed to Plaintiff's counsel (1) that Defendants once again searched for any additional responsive documents and confirmed they had none, and (2) that Defendants did not have any additional information to disclose beyond the testimony already provided in depositions.

Given Plaintiff's decision to nonetheless seek court intervention on these issues, Defendants have today served supplemental responses to Plaintiff's Request for Production Nos. 5, 6, 7, 8, and 9 and Interrogatory Nos. 5, 6, 7, 8, and 9 (see relevant excerpts attached as **Exhibit B**).[3] The supplemental responses are consistent with Defendants' sworn testimony during depositions and confirm what Plaintiff already knows from those depositions.

Tellingly absent from Plaintiff's portion of the joint letter is any transcripts of the October 14-16, 2025 depositions indicating that Defendants have any additional documents or information to produce (because they do not). And even though Plaintiff is fully aware of the @runtz Instagram handle from the depositions and even introduced such Instagram evidence as exhibits, given the specific issue Plaintiff has raised on this point in its portion of the joint letter, Defendants have today also produced documents relating to the @runtz Instagram handle (no doubt which Plaintiff already has).

In view of Defendants' supplemental discovery responses and production, Plaintiff's request for an order compelling additional discovery should be denied as moot.

---

[3] Defendants' counsel received Plaintiff's portion of the joint letter at 4:50 pm ET on Wednesday, October 29, 2025 and discussed it with Defendants the same day. Defendants' counsel subsequently prepared the supplemental discovery responses and sent them to Defendants for review. While Defendants confirmed the accuracy of the responses, they were unable to sign the verification today as the relevant signatory was on travel. Defendants plan to produce the signed verification next week.

Hon. Rita F. Lin
October 31, 2025

5

Respectfully submitted,

| | |
|---|---|
| */s/ Naresh Kilaru*<br>  Naresh Kilaru<br><br>**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**<br>*Attorneys for Defendants*<br>*3615 Market LLC*<br>*Three Steps Ahead, Inc.*<br>*Nicholas Corwin*<br>*Ramin Sarup* | */s/ Theresa Conduah*<br>  Theresa Conduah<br><br>**ALSTON & BIRD LLP**<br>*Attorneys for Plaintiff Ferrara Candy Company* |

Alston & Bird LLP                                                                                                               www.alston.com
Atlanta | Brussels | Century City | Charlotte | Chicago | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.